1  PAUL L. REIN, Esq., (SBN 43053)
   JULIE A. OSTIL, Esq., (SBN 215202)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/832-4787

5  Attorneys for Plaintiff
   DERRICK ROSS

E-filing

FILED
FEB 12 PM 3:3
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C07-00888 BZ

DERRICK ROSS,

    Plaintiff,

v.

RICK DUDUM; JEFF DUDUM;
MARY DUDUM; OFELIA
ABAYA dba BO'S BARBECUE
AND CATERING RESTAURANT;
BO MCSWINE; ANTHONY
LUKASZEWSKI; MAUREEN
LUKASZEWSKI; and DOES 1-25,
Inclusive,

    Defendants.

CASE NO.
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, AND PER CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 54, 54.1, 54.3, AND §55; and HEALTH & SAFETY CODE §§19955,** *et seq.)*; **INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

    Plaintiff DERRICK ROSS complains of defendants RICK DUDUM; JEFF DUDUM; MARY DUDUM; OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT; BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI; and DOES 1-25, Inclusive, and each of them, and alleges as follows:

    1.   **INTRODUCTION:**   This case involves the denial of accessible facilities, to plaintiff and other disabled persons at the Bo's Barbeque and Catering, a restaurant and public facility located at 3422 Mt. Diablo Blvd,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -1-   S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

1. Lafayette, California. Plaintiff DERRICK ROSS is a "person with a disability" or "physically handicapped person," who requires the use of a wheelchair for mobility, and is unable to use portions of public facilities which are not accessible to physically disabled persons who use a wheelchair. Plaintiff was denied his rights to full and equal access at these facilities, and was denied his civil rights under both California law and federal law, as hereinbelow described, because these facilities were not, and are not now, properly accessible to physically disabled persons, such as plaintiff, including those who use wheelchairs. Plaintiff seeks injunctive relief to require defendants to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities will be provided accessible parking, accessible entry, accessible interior and exterior paths of travel, accessible restrooms, and other access as described herein. Plaintiff also seeks recovery of damages for his discriminatory experiences, and denial of access and denial of his civil rights, which denial is continuing as a result of defendants' failure and refusal to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable attorney fees, litigation expenses and costs, according to statute.

2. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*; California Health & Safety Code §19955, *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

3. **VENUE:** Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiff's causes of action arose in this district.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -2-  S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

4.     **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and plaintiff's causes of action arose in this intradistrict.

5.     **PARTIES:** Plaintiff is a qualified physically disabled person, a quadriplegic, who requires use of a motorized wheelchair for locomotion. Defendants are the owners, operators, lessors, and lessees of Bo's Barbeque and Catering, a restaurant and public facility located at 3422 Mt. Diablo Blvd, Lafayette, California, part of a shopping enter known as "The Forge." Defendants are responsible for owning, operating, and maintaining all areas of the subject premises, each of which constitute public facilities and public accommodations. Each of the subject areas, premises, and facilities complained of herein is owned and/or leased and operated by the named defendants and is a "public facility" and "public accommodation" subject to the requirements of Title III of the Americans With Disabilities Act of 1990 and of California Health & Safety Code §§ 19955, *et seq.* and of California Civil Code §§ 54, 54.1 *et seq.* Such facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such building and/or facility to disabled access requirements per Health & Safety Code §§ 19955-19959, *et seq.* Such construction and alterations since July 1, 1982 also subject each such building and/or facility to requirements of California's Title 24, the State Building Code. Further, irrespective of the construction and alteration history, all such premises and facilities are subject to the "readily achievable" barrier removal requirements of Title III of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), per 42 U.S.C. 12181*ff*, and, as to construction or alteration since 1993, including major alterations occurring in 2000-2005, subject also to § 303 of the ADA [42 USC 12183].

6.     The true names and capacities of Defendants DOES 1-25, Inclusive,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -3-   S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

1 are unknown to plaintiff who therefore sues said defendants by such fictitious
2 names. Plaintiff is informed and believes that each of the defendants herein
3 designated as a Doe is legally responsible in some manner for the events and
4 happenings herein referred to and caused injury and damages proximately thereby
5 to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such
6 true names and capacities when the same have been ascertained.

7     7.     Defendants RICK DUDUM; JEFF DUDUM; MARY DUDUM;
8 OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT;
9 BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI;
10 and DOES 1-25, Inclusive, are and were the owners, operators, lessors and/or
11 lessees of the subject business, premises, facilities and property at times relevant
12 to this Complaint. Plaintiff is informed and believes that each of the defendants
13 herein is the agent, employee or representative of each of the other defendants,
14 and performed all acts and omissions stated herein within the scope of such
15 agency or employment or representative capacity and is responsible in some
16 manner for the acts and omissions of the other defendants in proximately causing
17 the damages complained of herein.

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
(California Health & Safety Code §§ 19955, *et Seq.*, Civil Code §§ 54*ff*)

22     8.     Plaintiff repleads and incorporates by reference, as if fully set forth
23 again herein, the factual allegations contained in Paragraphs 1 through 7, above,
24 and incorporates them herein by reference as if separately repled hereafter.
25     9.     Plaintiff DERRICK ROSS and other similarly situated physically
26 disabled persons, including those who require the use of a wheelchair, walker,
27 crutches, cane or other assistive device, are unable to use public facilities on a
28 "full and equal" basis unless each such facility is in compliance with the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

1  provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a
2  member of that portion of the public whose rights are protected by the provisions
3  of Health & Safety Code §§ 19955, *et seq.*

4      10.    Health & Safety Code §§ 19955 and 19955.5 were enacted "To
5  ensure that public accommodations or facilities constructed in this state with
6  private funds adhere to the provisions of Chapter 7 (commencing with Section
7  4450) of Division 5 of Title 1 of the Government Code." On information and
8  belief the provisions of both Health and Safety Code §§ 19955 and 19955.5,
9  apply to the multiple public facilities and public accommodations which are
10 located within the property owned and operated by defendants. The code relating
11 to such public accommodations also requires that "When sanitary facilities are
12 made available for the public, clients, or employees ..., they shall be made
13 available for persons with disabilities." Title 24, California Code of Regulations,
14 formerly known as the California Administrative Code, was in effect at the time
15 of each construction and/or alteration which occurred at such public facility since
16 July 1, 1982, thus requiring access complying with the specifications of Title 24
17 whenever each such "alteration, structural repair or addition" was carried out. On
18 information and belief, defendants and/or their predecessors in interest carried out
19 construction and/or alterations, structural repairs, or additions to the subject
20 premises, facilities, and buildings during the period Title 24 has been in effect.

21     11.    **FACTUAL STATEMENT:** On or about Saturday, August 12,
22 2006, plaintiff Derrick Ross was denied full and equal access to defendants'
23 premises. Plaintiff is a physically disabled person, a quadriplegic, and requires
24 use of a motorized wheelchair. On this occasion plaintiff and his wife, Lakesha
25 Ross, drove in plaintiff's disabled equipped and licensed van to the premises of
26 Bo's Barbeque Restaurant for the purpose of having lunch and checking on the
27 possibility of using the Restaurant as a site for a planned family reunion.
28 Although plaintiff found a designated "disabled" parking space marked at the rear

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -5-    S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

of the building, he found that the space was not properly designed or configured for accessible or van-accessible parking and did not have a proper adjacent unloading zone or path of travel to any Restaurant entrance. When plaintiff managed to let down his lift and disembark from the van, he followed an irregular and improperly configured pathway to the rear door of the Restaurant, but found that the doorway appeared too narrow for entry, and without proper landing and proper door hardware, and otherwise improperly configured for use by disabled wheelchair users. Plaintiff was unable to enter by this rear door, but through an open door could see that the Restaurant's restrooms were located a few feet within the Restaurant, in a narrow hallway.

12. Plaintiff was then able to travel around the back and side of the Restaurant, traveling through an area dangerous to a wheelchair user because it required him go through a parking lot and behind parked vehicles, eventually finding a ramp up from the parking lot, on the south side of the building. Although the ramp appeared to be improperly configured, and had improper handrails, he was able to travel up this ramp to a portion of an exterior deck. When plaintiff reached the top of the ramp he pulled up to a table on the deck at the eastern side of the Restaurant, while his wife went inside to order their food. When plaintiff later required use of a restroom, he learned that inside the Restaurant there were two stairs blocking any interior wheelchair access to the rear of the Restaurant, where the restrooms were located. On information and belief, and based on later investigation by plaintiff's representatives, if plaintiff had been able to reach these restrooms, both the men's and women's restrooms were too small for entry by physically disabled persons who use wheelchairs, such as plaintiff. As a result of his being blocked from reaching any restroom, and because he was in physical discomfort due to his need to use the restroom, plaintiff left the Restaurant in search of a usable restroom. He was required to leave because of his physical pain and discomfort, despite his wish to remain at

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -6-     S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

1 the Restaurant and listen to a blues band which was performing live at that time.
2 Plaintiff and his wife finally drove to a Safeway store in Lafayette in order for
3 plaintiff to find and use an accessible restroom.

4     13. <u>Construction and Alteration History</u> - Based on a preliminary check
5 of building records, this facility had major alterations during the past five years,
6 including but not limited to the addition of a new patio and the trebling of the
7 interior area of the Restaurant, all without providing proper disabled accessible
8 parking, entrance, interior and exterior paths of travel, or restroom facilities, all in
9 violation of both state and federal law.

10     14. These public facilities are all inaccessible to persons with disabilities
11 - and will continue to be inaccessible in the future unless changed and improved -
12 in multiple aspects, including but not limited to the following: parking areas and
13 facilities, exterior paths of travel from designated disabled parking, entranceways,
14 interior paths of travel, and public restrooms, all rendering these premises
15 inaccessible to and unuseable by physically disabled persons. All areas
16 complained of are common public facilities open to use for all members of the
17 public. All facilities must be brought into compliance with all applicable federal
18 and state code requirements.

19     15. Further, each and every violation of the Americans With Disabilities
20 Act of 1990 (as pled in the Second Cause of Action hereinbelow, the contents of
21 which are repled and incorporated herein, word for word, as if separately repled),
22 also constitutes a separate and distinct violation of California Civil Code §54(c),
23 thus independently justifying an award of damages and injunctive relief pursuant
24 to California law, including but not limited to Civil Code §§ 54.3 and 55.

25     16. Further, each and every violation of the Americans With Disabilities
26 Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of
27 which are repled and incorporated herein, word for word, as if separately repled),
28 also constitutes a separate and distinct violation of California Civil Code

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -7-   S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

1 §54.1(d), thus independently justifying an award of damages and injunctive relief
2 pursuant to California law, including but not limited to Civil Code §§ 54.3 and
3 55.

4     17.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit
5 the acts and omissions of defendants as complained of herein which are
6 continuing on a day-to-day basis and which have the effect of wrongfully
7 excluding plaintiff and other members of the public who are physically disabled,
8 including those who use wheelchairs, walkers, crutches, or canes, from full and
9 equal access to these public facilities. Such acts and omissions are the cause of
10 humiliation and mental and emotional suffering of plaintiff in that these actions
11 continue to treat plaintiff as an inferior and second class citizen and serve to
12 discriminate against him on the sole basis that he is a person with a disability who
13 requires the use of a wheelchair or other assistive mobility device for movement
14 in public places. Plaintiff is unable, so long as such acts and omissions of
15 defendants continue, to achieve equal access to and use of these public facilities,
16 and is deterred from using these facilities until they are made properly accessible
17 to disabled persons. Plaintiff alleges that he intends, once legally required access
18 has been provided, to make use of these facilities. The acts of defendants have
19 proximately caused and will continue to cause irreparable injury to plaintiff if not
20 enjoined by this Court.

21     18.    Wherefore plaintiff asks this Court to preliminarily and permanently
22 enjoin any continuing refusal by defendants to grant full and equal access to
23 plaintiff in the respects complained of and to require defendants to comply
24 forthwith with the applicable statutory requirements relating to access for disabled
25 persons. Such injunctive relief is provided by California Health & Safety Code
26 §19953 and California Civil Code §55, and other law. Plaintiff further requests
27 that the court award damages pursuant to Civil Code §54.3 and other law and
28 attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -8-   S:\SLR\BO'S BBQ\BO'S BBQ.CMP.wpd

§19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

19. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facility, plaintiff suffered multiple violations of his civil rights, including but not limited to rights under Civil Code §§ 54 and 54.1, all to his damages per Civil Code §54.3, including statutory treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers created and/or maintained by the defendants in violation of the subject laws, to use these public facilities on a full and equal basis as other persons. Plaintiff has been denied access on a continuing and day-to-day basis since August 12, 2006, and will continue to be denied access until proper access is provided.

20. **TREBLE DAMAGES:** All of those defendants who owned and operated the facilities as of the date of plaintiff's visit, August 12, 2006, knowingly continued to maintain inaccessible premises despite actual and implied knowledge that their premises were illegally inaccessible. Such defendants are responsible for treble damages per California Civil Code § 54.3, three times "actual" damages, including general damages and damages for physical, mental and emotional injuries, because they continued to deny access for an extended period of time despite actual or implied knowledge that they were denying access to physically disabled persons.

21. **FEES AND COSTS:** As a result of defendants' acts, omissions, and conduct, plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -9-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

1 discrimination against disabled persons. Plaintiff therefore seeks recovery of all
2 reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions
3 of California Civil Code §§ 54.3 and 55, and California Health & Safety Code
4 §19953 *ff*. Additionally, plaintiff's lawsuit is intended to require that defendants
5 make their facilities accessible to all disabled members of the public, justifying
6 "public interest" attorney fees, litigation expenses and costs pursuant to the
7 provisions of California Code of Civil Procedure §1021.5 and other applicable
8 law.

9         Wherefore plaintiff prays for relief as hereinafter stated.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101*FF*

13     22. Plaintiff repleads and incorporates by reference, as if fully set forth
14 again herein, the allegations contained in Paragraphs 1 through 21 of this
15 Complaint, and incorporates them herein as if separately repled.

16     23. Pursuant to law, in 1990 the United States Congress made findings
17 per 42 USC §12101 regarding physically disabled persons, finding that laws were
18 needed to more fully protect "some 43,000,000 Americans [with] one or more
19 physical or mental disabilities;" that "historically, society has tended to isolate
20 and segregate individuals with disabilities;" that "such forms of discrimination
21 against individuals with disabilities continue to be a serious and pervasive social
22 problem;" that "the Nation's proper goals regarding individuals with disabilities
23 are to assure equality of opportunity, full participation, independent living, and
24 economic self-sufficiency for such individuals;" and that "the continuing
25 existence of unfair and unnecessary discrimination and prejudice denies people
26 with disabilities the opportunity to compete on an equal basis and to pursue those
27 opportunities for which our free society is justifiably famous..."

28     24. Congress stated as its purpose in passing the Americans with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -10-     S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

1 Disabilities Act (42 USC §12101(b))

2     It is the purpose of this Act

3     (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

4

5     (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

6     (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

7

8     (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

9

10

11     25. As part of the Americans with Disabilities Act, Public Law 101-336,

12 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations

13 and Services Operated by Private Entities" (42 USC 12181ff). The subject

14 properties and facilities are among the "private entities" which are considered

15 "public accommodations" for purposes of this title, including but not limited to:

16 (B) a restaurant, bar or other establishment serving food or drink.

17     26. Pursuant to §302, 42 USC §12182, "No individual shall be

18 discriminated against on the basis of disability in the full and equal enjoyment of

19 the goods, services, facilities, privileges, advantages, or accommodations of any

20 place of public accommodation by any person who owns, leases, or leases to, or

21 operates a place of public accommodation."

22     27. Among the specific prohibitions against discrimination were

23 included:

24 <u>§302(b)(2)(A)(ii)</u>: "a failure to make reasonable modifications in policies,

25 practices, or procedures when such modifications are necessary to afford such

26 goods, services, facilities, privileges, advantages, or accommodations to

27 individuals with disabilities...;"

28 <u>§302(b)(A)(iii)</u>: "a failure to take such steps as may be necessary to ensure that

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36*ff.*

28. As an alternative basis for liability, the removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, on information and belief, construction, alterations, structural repairs and/or additions during and since the year 1993 have independently triggered requirements for removal of barriers to access for disabled persons per §303 of the ADA [42 USC 12183], as well as per California Health and Safety Code §19959.

29. On information and belief, as of the date of plaintiff's August 12, 2006 encounter at the subject premises and facilities, and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to plaintiff and to other disabled persons, including wheelchair users, in other respects, which violated plaintiff's rights to full and equal access and which

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -12-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

1 discriminated against plaintiff on the basis of his disability, thus wrongfully
2 denying to plaintiff the full and equal enjoyment of the goods, services, facilities,
3 privileges, advantages and accommodations, in violation of §302 of the ADA, 42
4 USC §12182.

5     30.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,
6 §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of
7 the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected
8 to discrimination on the basis of disability in violation of this title or has
9 reasonable grounds for believing that he is about to be subjected to discrimination
10 in violation of §302 and §303. On information and belief, defendants have
11 continued to violate the law and deny the rights of plaintiff and other disabled
12 persons access to this public accommodation since on or before plaintiff's
13 encounters as previously discussed. Pursuant to §308(a)(2), "In cases of
14 violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an
15 order to alter facilities to make such facilities readily accessible to and usable by
16 individuals with disabilities to the extent required by this title."

17     31.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the
18 Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal
19 Regulations adopted to implement the Americans with Disabilities Act of 1990.
20 Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is
21 being subjected to discrimination on the basis of disability in violation of Title III
22 and who has reasonable grounds for believing he will be subjected to such
23 discrimination each time that he may attempt to use the premises in the future.
24     Wherefore plaintiff prays for relief as hereinafter stated.
25 //
26 //
27 //
28 //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

## PRAYER

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises hereinabove described to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3. Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages, in amounts within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Grant such other and further relief as this Court may deem just and proper.

Dated: February 9, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*Julie Ostil*
Attorneys for Plaintiff
DERRICK ROSS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 9, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*Julie Ostil*
Attorneys for Plaintiff
DERRICK ROSS

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: February 9, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*Julie Ostil*
Attorneys for Plaintiff
DERRICK ROSS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\BO'S BBQ\PLEADINGS\BO'S BBQ.CMP.wpd