PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
DERRICK ROSS

RICHARD M. MCNEELY, Esq. (SBN 66815)
LISA R. ROBERTS, Esq. (SBN 141171)
MCNAMARA, DODGE, NEY, BEATTY,
SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Ave.
Walnut Creek, CA 94596
(925) 939-5330

Attorneys for Defendants:
OFELIA ABAYA and BO MCSWINE dba BO'S BARBECUE
AND CATERING RESTAURANT

J. SCOTT MCKAY, Esq. (SBN 95799)
LAW OFFICES OF J. SCOTT MCKAY
200 Pringle Ave., Suite 410
Walnut Creek, CA 94596
(925) 932-6095

Attorney for Defendants
ANTHONY LUKASZEWSKI and
MAUREEN LUKASZEWSKI

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ROSS,<br>    Plaintiff,<br>v.<br>RICK DUDUM; JEFF DUDUM; MARY DUDUM; OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT; BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI; and DOES 1-25, Inclusive,<br>    Defendants. | CASE NO. C07-0888 BZ<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED]<br>ORDER** |

## CONSENT DECREE AND ORDER

1.     Plaintiff DERRICK ROSS filed a Complaint in this action on February 12, 2007, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, RICK DUDUM; JEFF

DUDUM; MARY DUDUM; OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT; BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI; and DOES 1-25, Inclusive. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Bo's Barbecue and Catering Restaurant located at 3422 Mt. Diablo Blvd., Lafayette, California, when plaintiff visited the subject facility on August 12, 2006.

2. Defendants RICK DUDUM; JEFF DUDUM; MARY DUDUM; OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT; BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. The parties agree that Defendants RICK DUDUM; JEFF DUDUM; AND MARY DUDUM are not currently owners of the property at which the Bo's Barbecue and Catering Restaurant that is the subject of this action is located. Therefore, they are not legally able to perform remedial or corrective work on the property or otherwise to comply with the provisions of this Consent Decree ordering injunctive relief.

## JURISDICTION:

4. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

5. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 2 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## SETTLEMENT OF INJUNCTIVE RELIEF:

6. This Consent Decree and Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against all Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) Remedial Measures: The remedial measures agreed upon by the Parties are as specified in **Attachment A** to this Consent Decree, which Attachment consists of drawings prepared by defendant's expert Peter Margen and a list of additional items prepared by plaintiff's expert Barry Atwood. **Attachment A** is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work set forth in **Attachment A** as follows:

(1) Defendants ANTHONY LUKASZEWSKI and MAUREEN LUKASZESKI shall perform the remedial work specified in Paragraphs 1, 2, and 3 of Attachment A, subject to the provisions of Paragraph 7(c) below.

(2) Defendants OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT and BO MCSWINE shall perform the remedial work specified in Paragraphs 4, 5, 6, and 7 of Attachment A.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

b) Timing of Remedial Work: Defendants will submit plans, if appropriate, for any portion of the remedial work for which they are responsible to the appropriate building department within 30 days of entry of this Consent Decree and Order by the Court. The defendants responsible for the work as more specifically set forth in **Attachment A**, will commence work within 30 days of receiving permit(s) for such work from the building department, and will complete work within 90 days of commencement. For work not requiring building permits, the work will be completed within 30 days of entry of this Consent Decree and Order by the Court, except that such requirement shall not apply to work to be performed by ANTHONY LUKASZEWSKI and MAUREEN LUKASZESKI that, while not requiring building permits, is only reasonably practical to perform after the work that requires building permits is performed.

c) It is acknowledged that ANTHONY LUKASZEWSKI and MAUREEN LUKASZESKI have already submitted plans and a building permit application to the City of Lafayette for the work they are to perform pursuant to paragraph 7(a)(1) above, and that the City of Lafayette is requiring that such defendants go through the City's design review process in order to obtain a building permit for such work. It is further acknowledged that the City may not approve the plans as submitted, may require deviations from such plans, or may impose such additional conditions or requirements on these plans which would render these plans not feasible from a use, construction or expense standpoint, all of which matters ANTHONY LUKASZEWSKI and MAUREEN LUKASZESKI may have little influence over. If ANTHONY LUKASZEWSKI and MAUREEN LUKASZESKI in good faith determine that the work that they have agreed to perform pursuant to paragraph 7(a)(1) above needs to be substantially modified, cannot be performed, or is not feasible due to refusals, modifications, or conditions, they will so notify plaintiff's counsel in writing within 15 days of discovering such difficulty, and such parties shall meet and confer in an effort to find a solution acceptable to such parties and the City of Lafayette. In this regard plaintiff acknowledges that his primary goal is assuring full and equal access to the property in question for disabled persons, rather

Consent Decree and Order: Case No. C07-0888 BZ

— 4 —

than the precise method of achieving such goal. Any of such parties may petition the court with respect to any issues arising by reason of the actions of the City of Lafayette.

        d)     In the event that other unforeseen difficulties, including weather related delays, prevent any defendant(s) from completing any of the agreed-upon remedial work in accordance with the provisions of this paragraph 7, the affected defendant(s) or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay or difficulty. Each defendant or their counsel will notify plaintiff's counsel when their portion of the remedial work is completed, and in any case will provide a status report at least once every four months after the date of entry of this Consent Decree and Order until such time as their portion of the remedial work is completed.

### DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

8. The parties have not reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

### ENTIRE CONSENT ORDER:

9. This Consent Decree and Order, including the attachments hereto incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of the remedial work, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this Consent Decree and Order shall be enforceable regarding the matters of the remedial work described herein. This Consent Decree and Order applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

10. Further, the matters agreed to in this Consent Decree and Order shall be without prejudice to any rights, claims or defenses as between the various defendants with respect to plaintiff's claims for injunctive relief, damages, attorneys fees, and costs, or with respect to the costs of or liability for the remedial work contemplated by this Consent Decree and Order.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 5 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

11. This Consent Decree and Order shall be binding on Plaintiff DERRICK ROSS; Defendants OFELIA ABAYA dba BO'S BARBECUE AND CATERING RESTAURANT; BO MCSWINE; ANTHONY LUKASZEWSKI; MAUREEN LUKASZEWSKI; and any successors in interest to such parties. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction over this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

12. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Plaintiff, on the one hand, and defendants, on the other hand, with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs. Further, this waiver does not apply to any rights, claims or defenses as between the various defendants with respect to plaintiff's claims for injunctive relief, damages, attorneys fees, and

Consent Decree and Order: Case No. C07-0888 BZ

— 6 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

costs, or with respect to the costs of or liability for the remedial work contemplated by this Consent Decree.

13. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, plaintiff, on the one hand, and defendants, on the other, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges the other and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of the other, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit. Such release, however has no application to, and is without prejudice to any rights, claims or defenses as between the various defendants with respect to plaintiff's claims for injunctive relief, damages, attorneys fees, and costs, or with respect to the costs of or liability for the remedial work contemplated by this Consent Decree.

## **ENFORCEMENT AND TERM:**

14. This Consent Decree and Order shall remain in full force and effect for a period of sixty (60) days after plaintiff is notified in writing by defendants that all of the remedial work contemplated by the Consent Decree and Order has been completed and has passed any necessary final inspections by the applicable permitting authorities. Thereafter any defendant may make an application to the Court to have the Consent Decree and Order formally terminated. Plaintiff may oppose such an application only on grounds that the remedial work has not been satisfactorily completed by defendants. Until such termination of the Consent Decree and Order, the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order. The parties agree that the provisions of this Consent Decree, other than Paragraph 7 and the last sentence of Paragraph 11, shall survive the termination of the Order.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order: Case No. C07-0888 BZ**

— 7 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

## SEVERABILITY:

15. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: ~~November~~ January 14, 2008

[signature]

Plaintiff DERRICK ROSS

Dated: November __, 2007

_____
Defendant OFELIA ABAYA dba BO'S
BARBECUE AND CATERING RESTAURANT

Dated: November __, 2007

_____
Defendant BO MCSWINE dba BO'S
BARBECUE AND CATERING RESTAURANT

Dated: November __, 2007

_____
Defendant ANTHONY LUKASZEWSKI

Dated: November __, 2007

_____
Defendant MAUREEN LUKASZEWSKI

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 8 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

## SEVERABILITY:

15. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: November __, 2007

```
                                    _____
                                    Plaintiff DERRICK ROSS
```

Dated: ~~November~~ Jan 28, ~~2007~~ 2008

```
                                    [signature]
                                    _____
                                    Defendant OFELIA ABAYA dba BO'S
                                    BARBECUE AND CATERING RESTAURANT
```

Dated: ~~November~~ Jan 28, ~~2007~~ 2008

```
                                    [signature] Bo McSwine
                                    _____
                                    Defendant BO MCSWINE dba BO'S
                                    BARBECUE AND CATERING RESTAURANT
```

Dated: November __, 2007

```
                                    _____
                                    Defendant ANTHONY LUKASZEWSKI
```

Dated: November __, 2007

```
                                    _____
                                    Defendant MAUREEN LUKASZEWSKI
```

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 8 —

k:\bob\p1000 - ross v dudum\e-mailed docs\01-09-08 bo's consent decree.doc

## SEVERABILITY:

15. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: November __, 2007

_____
Plaintiff DERRICK ROSS

Dated: November __, 2007

_____
Defendant OFELIA ABAYA dba BO'S
BARBECUE AND CATERING RESTAURANT

Dated: November __, 2007

_____
Defendant BO MCSWINE dba BO'S
BARBECUE AND CATERING RESTAURANT

~~Dated: November __, 2007~~
1-16-08

*/s/ Anthony Lukaszewski*
Defendant ANTHONY LUKASZEWSKI

~~Dated: November __, 2007~~
1/16/08

*/s/ Maureen Lukaszewski*
Defendant MAUREEN LUKASZEWSKI

| | |
|---|---|
| 1 | APPROVED AS TO FORM: |
| 2 | Dated: ~~November __, 2007~~ |
| 3 | January 15, 2008 |

APPROVED AS TO FORM:

Dated: ~~November __, 2007~~ January 15, 2008

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

*/s/ Julie Ostil*
Attorneys for Plaintiff
DERRICK ROSS

Dated: November __, 2007

RICHARD M. MCNEELY
LISA R. ROBERTS
MCNAMARA, DODGE, NEY, BEATTY,
SLATTERY, PFALZER, BORGES &
BROTHERS LLP

_____
Attorneys for Defendants
OFELIA ABAYA AND BO MCSWINE dba
BO'S BARBECUE AND CATERING
RESTAURANT

Dated: November __, 2007

J. SCOTT MCKAY
LAW OFFICES OF J. SCOTT MCKAY

_____
Attorneys for Defendants
ANTHONY LUKASZEWSKI, MAUREEN
LUKASZEWSKI

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: February 25, 2008

*/s/ Bernard Zimmerman*
HON. BERNARD ZIMMERMAN
U.S. MAGISTRATE JUDGE

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Bernard Zimmerman]

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 9 —

s:\jo\cases\b\bo's bbq\pleadings\01-09-08 bo's consent decree - final.doc

1 | APPROVED AS TO FORM:

2 | Dated: November __, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
DERRICK ROSS

7 | Dated: ~~November __, 2007~~ *Feb 6 2008*

RICHARD M. MCNEELY
LISA R. ROBERTS
MCNAMARA, DODGE, NEY, BEATTY,
SLATTERY, PFALZER, BORGES &
BROTHERS LLP

*[signature: Lisa R. Roberts]*
_____
Attorneys for Defendants
OFELIA ABAYA AND BO MCSWINE dba
BO'S BARBECUE AND CATERING
RESTAURANT

14 | Dated: November __, 2007

J. SCOTT MCKAY
LAW OFFICES OF J. SCOTT MCKAY

_____
Attorneys for Defendants
ANTHONY LUKASZEWSKI, MAUREEN
LUKASZEWSKI

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: _____

_____
HON. BERNARD ZIMMERMAN
U.S. MAGISTRATE JUDGE

LAW OFFICES OF
PAUL L. REIN
300 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case No. C07-0888 BZ

— 9 —

APPROVED AS TO FORM:

Dated: November __, 2007

PAUL L. REIN
JULIE A. OSTIL
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
DERRICK ROSS

Dated: November __, 2007

RICHARD M. MCNEELY
LISA R. ROBERTS
MCNAMARA, DODGE, NEY, BEATTY,
SLATTERY, PFALZER, BORGES &
BROTHERS LLP

_____
Attorneys for Defendants
OFELIA ABAYA AND BO MCSWINE dba
BO'S BARBECUE AND CATERING
RESTAURANT

Dated: ~~November __, 2007~~ 1/16/08

J. SCOTT MCKAY
LAW OFFICES OF J. SCOTT MCKAY

_____/s/ Scott McKay_____
Attorneys for Defendants
ANTHONY LUKASZEWSKI/MAUREEN
LUKASZEWSKI

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated:_____

_____
HON. BERNARD ZIMMERMAN
U.S. MAGISTRATE JUDGE

Consent Decree and Order: Case No. C07-0888 BZ

— 9 —

Consent Decree Attachment A
Ross v. Dudum et al., N. Dist Case No. C07-0888BZ

1. <u>Exterior Path of Travel</u>: Defendants Anthony Lukaszewski and Maureen Lukaszewski will remedy the following issues along the path of travel along the east side of the building that Bo's Barbeque and Catering Restaurant is located in:
   a. Cross slopes along the walk that exceed 2%.
   b. Slopes along this path of travel that exceed 5.0%.

2. <u>Exterior Path of Travel</u>: Defendants Anthony Lukaszewski and Maureen Lukaszewski will construct three ramps and one set of stairs along the south side of such defendant's property, as identified by an "(n)" designation on the conceptual plan reflected on page 3 of this Attachment A. All such construction shall be in conformity with such conceptual plan, and meet all accessible requirements as per 2001 CBC and ADAAG.

3. <u>Restrooms and Handicap Parking:</u> Defendants Anthony Lukaszewski and Maureen Lukaszewski will construct the two handicap accessible bathrooms and the two handicap parking spots in conformity with the conceptual plans reflected on pages 2, 3, and 4 of this Attachment A. All such parking and construction shall meet all accessible requirements as per 2001 CBC and ADAAG.

4. <u>Exterior Seating</u>: Defendants Ofelia Abaya, dba Bo's Barbeque and Catering Restaurant, and Bo McSwine will provide the required number of accessible tables (at least 5%, but no less than one) at the exterior dining platform, with at least one table of each type that has the required kneespace underneath the top, and will provide a 36-inch minimum width path of travel through the tables on the exterior dining platform.

5. <u>Dining Counter</u>: Defendants Ofelia Abaya, dba Bo's Barbeque and Catering Restaurant, and Bo McSwine will remove or remount the dining counter on the interior of the restaurant adjacent to the primary entrance door, to a maximum height of 34 inches above the finished floor.

6. <u>Interior Seating</u>: Defendants Ofelia Abaya, dba Bo's Barbeque and Catering Restaurant, and Bo McSwine will provide the appropriate number of accessible tables, with at least one table of each type that has the required kneespace underneath the table and will provide a 36-inch minimum width path of travel through the tables on the interior of the restaurant. The 36-inch clear path of travel through the tables shall connect the entry door and the sales counter with the emergency exit door.

7. <u>Exterior Path of Travel</u>: Defendants Ofelia Abaya, dba Bo's Barbeque and Catering Restaurant, and Bo McSwine will bring down to 5 pounds maximum the push pressure required to open the primary entrance door located on the east side of the building that Bo's Barbeque and Catering Restaurant is located in.







Site Plan
BO'S BBQ - Lafayette, CA
proposed conceptual plan (not for construction)
05.24.07
not to scale